# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | Case No. |
| **$12,020 IN UNITED STATES CURRENCY**, | |
| Defendant. | |

## COMPLAINT FOR FORFEITURE *IN REM*

The Plaintiff, the United States of America, by its attorneys, Teresa A. Moore, Acting United States Attorney for the Western District of Missouri, and Nhan D. Nguyen, Assistant United States Attorney, brings this complaint, and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881(a)(6).

## THE DEFENDANT *IN REM*

2. The defendant property, $12,020 in United States currency (hereafter "defendant property"), was seized from Joshua Lilley, on or about May 5, 2021, at his residence in Kansas City, Missouri. It is presently in the custody of the United States Marshals Service in Kansas City, within the Western District of Missouri.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881(a)(6).

4. This Court has *in rem* jurisdiction over the defendant property, pursuant to 28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the defendant property is found in this district.

5. Venue is proper in this district, pursuant to 28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395, because the action accrued in this district and the defendant property is found in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), because it constitutes: 1) money, negotiable instruments, securities, and other things of value, furnished and intended to be furnished, in exchange for a controlled substance, in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money,

negotiable instruments, and securities used, and intended to be used, to facilitate a violation of the Controlled Substances Act.

**FACTS**

7. On or about May 5, 2021, Federal Bureau of Investigation ("FBI") Task Force Officer ("TFO") David Albers, with the assistance of other FBI Special Agents ("SA") and TFOs, executed a federal search warrant at the residence of Lilley in Kansas City, within the Western District of Missouri. The federal search warrant authorized the search and seizure of Lilley's person and residence for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A, including the receipt and distribution of child pornography.

8. During the search of the residence, FBI SA Daniel Hajek found, in the living room, under the coffee table, a black box. Inside the box, SA Hajek found $3,520 in United States currency.

9. In a hallway closet, FBI SA Jason Ramsey found a Stevens 20-gauge shotgun and boxes 20-gauge ammunition.

10. In addition, in the master bedroom, SA Ramsey found the following:

   a. in an open safe, in plain view, $8,500 in United States currency, unused baggies (packaging material), and five glass containers and eight bags that contained marijuana (the gross weight of which, including packaging, was approximately 5,211 grams);

3

    b. on the dresser next to the safe, a digital scale;

    c. in a bedside table, a Taurus 9mm semi-automatic pistol with a loaded magazine lying next to it and additional 9mm ammunition; and

    d. in the closet, a Savage Arms .22-caliber rifle.

11. TFO Albers and FBI SA Ashley Davis conducted a non-custodial interview of Lilley. Lilley was advised that he was not under arrest and could leave at any time. During the interview, Lilley identified two of his marijuana suppliers and acknowledged that he distributes marijuana to "five or six" individuals.

12. After the discovery of the evidence of the distribution of marijuana, while on the scene, TFO David Albers obtained a second federal search and seizure warrant for the evidence not covered by the initial search and seizure warrant, including the defendant property, which consists of the $3,520 in United States currency located in the living room, under the coffee table, in a black box and the $8,500 in United States currency located inside the open safe in the master bedroom.

13. Upon information and belief, the marijuana seized, scale, unused baggies (packaging material), and United States currency are indicative of the distribution of marijuana.

14. Upon information and belief, the firearms and ammunition were used in furtherance of Lilley's distribution of marijuana.

**CLAIMS FOR RELIEF**

FIRST CLAIM FOR RELIEF

15. The Plaintiff repeats and incorporates by reference the paragraphs above.

16. By the foregoing and other acts, the defendant property constitutes moneys, negotiable instruments, securities, or other things of value, furnished or intended to be furnished, by any person, in exchange for a controlled substance or listed chemical, in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeitable to the United States, pursuant to 21 U.S.C. § 881(a)(6).

SECOND CLAIM FOR RELIEF

17. The Plaintiff repeats and incorporates by reference the paragraphs above.

18. By the foregoing and other acts, the defendant property constitutes proceeds traceable to an exchange of moneys, negotiable instruments, securities, or other things of value, furnished or intended to be furnished, by any person, in exchange for a controlled substance or listed chemical, in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeitable to the United States, pursuant to 21 U.S.C. § 881(a)(6).

## THIRD CLAIM FOR RELIEF

19. The Plaintiff repeats and incorporates by reference the paragraphs above.

20. By the foregoing and other acts, the defendant property constitutes moneys, negotiable instruments, securities, or other things of value, used or intended to be used, to facilitate any violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeitable to the United States, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays that the defendant property be forfeited to the United States, that the Plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted

Teresa A. Moore
Acting United States Attorney

By:

*/s/Nhan D. Nguyen*
Nhan D. Nguyen
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122
E-mail: Nhan.Nguyen@usdoj.gov

## VERIFICATION

I, Special Agent Ashley Davis, hereby verify and declare under penalty of perjury that I am a Special Agent with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint *in Rem* and know the contents thereof, and that the factual matters contained in paragraphs seven through 14 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Federal Bureau of Investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 10/18/2021

Ashley Davis
Special Agent
Federal Bureau of Investigation

7